UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT TAYLOR BROWN,

    Plaintiff,

v.

MARTINO et al.,

    Defendants.

Case No. 24-13092
Honorable Laurie J. Michelson

**OPINION AND ORDER PARTIALLY DISMISSING COMPLAINT [1]**

Robert Taylor Brown, who is currently confined at the Bellamy Creek Correctional Facility in Ionia, Michigan, filed this *pro se* civil rights action under 42 U.S.C. § 1983 alleging constitutional violations by an administrative law judge and 22 Michigan Department of Corrections employees. (ECF No. 1, PageID.8, 12, 17.) Brown sues each defendant in their individual and official capacities for monetary damages. (*Id.* at PageID.16.) For the reasons below, the Court dismisses all claims against defendants FNU[1] Breedlove, Porter, Martino, Hadden, Buchin, Chevette, and Arrendondo. Against the remaining defendants, the Court dismisses Brown's official-capacity damages claims.

**I.**

Brown has been granted leave to proceed without prepayment of the filing fee. (ECF No. 7.) In turn, the Court has a responsibility under 28 U.S.C. § 1915(e)(2) to

---

[1] First name unknown

screen Brown's complaint and decide whether it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997); *see also* 28 U.S.C. § 1915A(b) (same screening requirement for a civil action brought by an incarcerated person against a government employee).

## A.

Because Brown seeks money damages under 42 U.S.C. § 1983 for defendants' alleged constitutional violations, the Court starts by screening Brown's claims against defendants immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(iii).

First, Brown's official-capacity damages claims against all 22 MDOC employees must be dismissed. As state officials, prison staff employed by the Michigan Department of Corrections have Eleventh Amendment immunity from suits for damages brought against them in their official capacities. *See McCoy v. Michigan*, 369 F. App'x. 646, 653 (6th Cir. 2010) (holding that MDOC employees are entitled to sovereign immunity from official-capacity Section 1983 damages claims); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (explaining that an official-capacity suit against a state official "is no different from a suit against the State itself"); *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004) (explaining that, while states may waive their sovereign immunity from suit, "[t]he state of Michigan . . . has not consented to be sued in civil rights actions in the federal courts").
2

Next, Brown's claims against the administrative law judge, FNU Martino, are also dismissed.

"Judges are generally absolutely immune from civil suits for money damages, including § 1983 suits." *DePiero v. City of Macedonia*, 180 F.3d 770, 783 (6th Cir. 1999); *see also Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997) (describing judges' absolute immunity from civil suits for money damages as "a well-entrenched principle in our system of jurisprudence"). Judicial immunity does not attach only when a judge acts in a non-judicial capacity or in the clear absence of jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). Acts arising from, or related to, individual cases before a judge are generally judicial acts taken in the scope of a judge's judicial capacity. *See, e.g.*, *DePiero*, 180 F.3d at 784; *accord Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009) ("[T]he Supreme Court has generally concluded that acts arising out of, or related to, individual cases before the judge are considered judicial in nature."). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump*, 435 U.S. at 356–57.

Here, Brown's sparse allegations support that Martino's complained-of conduct was firmly within the scope of his judicial capacity, thus entitling the ALJ to judicial immunity. *See Cleavinger v. Saxner*, 474 U.S. 193, 200 (1985) (explaining that judicial immunity extends to administrative law judges). Brown seems to assert that Martino presided over his misconduct hearing in October 2024 and that the hearing was itself

3

based on misconduct violations that the other defendants allegedly "falsified" or fabricated. (*See* ECF No. 1, PageID.12–13.) According to Brown, Martino is "liable for falsifying documents and due process violations" (*id.* at PageID.10), "violated Due Process and committed perjury on a recorded docket," and "blatantly ignored" MDOC Policy "where he lied on a court-like record/docket" (*id.* at PageID.13 (cleaned up)). These allegations all relate to Martino's judicial acts and jurisdiction. Nothing in Brown's complaint suggests otherwise. So Brown's claims against the ALJ are dismissed.

## B.

The Court next screens Brown's remaining claims to determine whether any fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). The Court must determine whether the complaint "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 403 (6th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Detailed factual allegations are not required, *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 614 (6th Cir. 2012), but the complaint must "raise a right to relief above the speculative level," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

And while a *pro se* litigant's complaint is to be construed liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), that leniency is "not boundless," *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). The "basic pleading requirements 'apply to self-represented and counseled plaintiffs alike.'" *Williams v. Hall*, No. 21-5540,

2022 WL 2966395, at *2 (6th Cir. July 27, 2022) (quoting *Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. 2019)). Thus, *pro se* plaintiffs "still must plead facts sufficient to show a redressable legal wrong has been committed." *Baker v. Salvation Army*, No. 09-11454, 2011 WL 1233200, at *3 (E.D. Mich. Mar. 30, 2011); *see Adams v. Michigan*, No. 22-1630, 2023 U.S. App. LEXIS 2585, at *2 (6th Cir. Feb. 1, 2023) ("Although a pro se litigant is entitled to liberal construction of his pleadings, he must allege more than 'conclusory allegations or legal conclusions masquerading as factual conclusions' with respect to 'all the material elements to sustain a recovery under some viable legal theory.'" (citations omitted)). The Court may not "conjure up unpleaded facts to support conclusory allegations." *Williams*, 2022 WL 2966395, at *2.

Brown fails to state a claim against the following defendants: Assistant Deputy Warden ("ADW") B. Hadden, Residential Unit Manager ("RUM") J. Buchin, Prison Counselors ("PC") K. Chevette and FNU Porter, and Sergeants FNU Arrendondo and FNU Breedlove.

### 1.

Start with Hadden, Buchin, Chevette, and Arrendondo. Brown asserts only that "ADW B. Hadden, RUM J. Buchin, and PC K. Chevette are liable for all the above-mentioned violations since 7/30/24 until present." (ECF No. 1, PageID.13 (cleaned up).) Elsewhere in his complaint, Brown adds that Hadden, Buchin, and Chevette "are liable for all the above U.S.C. violations because they we[]re all notified." (*Id.* at PageID.10.) Brown similarly asserts that "Sgt. Arrendondo is liable for the same violation as C/O Ashman" (*id.* at PageID.12) and is "liable for Due

5

Process violation" (*id.* at PageID.10). Brown does not elaborate. In other words, he fails to plead factual allegations as to what any of these defendants allegedly did to violate his constitutional rights. And this matters.

It is a basic pleading requirement that a plaintiff must attribute factual allegations to particular defendants. Each defendant must have "fair notice" of the claim against him and "the grounds upon which it rests." *Twombly*, 550 U.S. at 555; *see Benfield v. Patterson*, No. 25-40, 2025 U.S. Dist. LEXIS 60637, at *3 (E.D. Tenn. Mar. 31, 2025) ("[A]llegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim."); *see also Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) ("[The Sixth Circuit] has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." (citing *Terrance v. Northville Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)))). Thus, when a person is named as a defendant without an allegation of specific misconduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (affirming screening dismissal of *pro se* complaint where plaintiff "failed to allege with any degree of specificity which of the named defendants were personally involved in or responsible for each of the alleged violations of his federal rights"); *Asbury v. Bisig*, 70 F. App'x 247, 249 (6th Cir. 2003) (affirming screening dismissal of *pro se* complaint where plaintiff "did not

6

link [asserted causes of action] to any factual allegations" and explaining that "[a] complaint must contain allegations regarding all the material elements to sustain a recovery under some viable theory"); *Gilmore v. Corr. Corp. of Am.*, 92 F. App'x. 188, 190 (6th Cir. 2004) (affirming screening dismissal of *pro se* complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights).

Because Brown does not allege any facts about how Hadden, Buchin, Chevette, or Arrendondo personally committed the legal violations he alleges, his claims against each defendant are dismissed.

2.

Brown's claims against Sergeant FNU Breedlove and Prison Counselor FNU Porter must also be dismissed for failure to state a claim upon which relief may be granted. Whereas the bulk of Brown's complaint concerns alleged incidents that occurred at the Bellamy Creek Correctional Facility ("IBC"), where Brown is currently incarcerated, Brown's claims against Breedlove and Porter concern misconduct at other facilities. Specifically, Brown alleges that in December 2023, at the Charles E. Egeler Reception & Guidance Center in Jackson, Michigan, Breedlove violated his First Amendment right to the free exercise of religion "by making [him] remove [his] kufi." (ECF No. 1, PageID.12.) Brown further alleges that in April 2024, at the Gus Harrison Correctional Facility in Adrian, Michigan, Porter violated his Fourteenth Amendment right to due process "by neglecting [MDOC] policy." (*Id.*) Brown's allegations against each defendant end there.

Merely alleging that Breedlove "ma[de] [Brown] remove [his] kufi," without any additional details or context, is insufficient to state a First Amendment free exercise claim. *See Living Water Church of God v. Charter Twp. of Meridian*, 258 F. App'x 729, 734 (6th Cir. 2007) (explaining that a First Amendment free exercise claim requires a plaintiff to show a "substantial burden" on their religious exercise and noting that "the Supreme Court has made clear that the 'substantial burden' hurdle is high"); *cf. Butler v. Djindjiev*, No. 19-6131, 2020 U.S. Dist. LEXIS 12461, at *20–21 (E.D. Pa. Jan. 23, 2020) ("Here, Butler's allegations are sparse. It is not clear how many services he allegedly missed and how the practice of his religion was substantially burdened by the conduct alleged. . . . Without further factual development, this claim fails."); *Jones v. Malin*, No. 15-5381, 2017 WL 985943, at *3 (S.D.N.Y. Mar. 13, 2017) ("As a matter of law, 'missing one religious service does not constitute a substantial burden on an inmate's right to the free exercise of his religion.'").

And Brown's allegation that Porter violated his Fourteenth Amendment due process rights "by neglecting policy" cannot state a due process claim where "claims related to violations of prison policies do not state a constitutional violation." *Hursey v. Anderson*, No. 16-1146, 2017 WL 3528206, at *2 (6th Cir. Mar. 31, 2017) (citation omitted); *see Annabel v. Mich. Dep't of Corr.*, No. 14-756, 2014 U.S. Dist. LEXIS 116440, at *51–52 (W.D. Mich. Aug. 21, 2014) ("Section 1983 does not provide redress for a violation of a state law or policy. Plaintiff's assertions that Defendants violated MDOC policies therefore fail to state a claim under § 1983." (citations omitted)).

8

Indeed, "[f]ailing to follow proper procedures is insufficient to establish an infringement of a liberty interest." *Grinter v. Knight*, 532 F.3d 567, 574 (6th Cir. 2008) (citing *Olim v. Wakinekona*, 461 U.S. 238, 250 (1983)); *see Jones v. Deangelo*, No. 23-12509, 2023 WL 9004916, at *7 (E.D. Mich. Dec. 28, 2023) ("Section 1983 provides a remedy for violations of federal law, not prison policy or state law.").

In short, Brown's sparse allegations against Breedlove and Porter do not "permit the court to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. So Brown fails to state a claim for relief against either defendant.

Brown's claims against Breedlove and Porter are also subject to dismissal on the basis of misjoinder.[2] *See* Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party."). Two conditions must be met for multiple defendants to be joined in a single action: (1) the plaintiff must assert a right to relief against the defendants "jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and (2) it must be the case that "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). "Prisoners should also not be allowed to proceed with multiple defendant litigation on unrelated claims in order to circumvent the filing fee requirements for federal civil actions or the PLRA's three strikes provision."

---

[2] While the Court is not convinced that joinder is proper as to each of the remaining 16 defendants employed at IBC, the clear issue for screening purposes is the improper joinder of the two named defendants employed at different prison facilities.

9

*Smith v. Madery*, No. 23-12703, 2024 U.S. Dist. LEXIS 68232, at *3 (E.D. Mich. Apr. 15, 2024); *accord George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that this 50-claim, 24-defendant suit produced but also to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.").

Brown acknowledges that the events giving rise to his claims "to[ok] place at multiple facilities." (ECF No. 1, PageID.11.) Indeed, he alleges that "21 officials at IBC are corrupt; the other 2 aren't here!" (*Id.* at PageID.13.) He does not contend that his claims against Breedlove and Porter share common questions of fact or law or arise from the same occurrences as his claims against the defendants employed at IBC. At best, Brown appears to assume that because he asserts that defendants violated the same constitutional amendments, such as the Fourteenth Amendment's due process clause, that is enough to properly join all 22 defendants in the same lawsuit. But even if that were enough to satisfy the common-question-of-law requirement under Federal Rule of Civil Procedure 20(a)(2), it would still fail under the same-series-of-occurrences requirement. *See, e.g.*, *Proctor v. Applegate*, 661 F. Supp. 2d 743, 779 (E.D. Mich. 2009) ("[A]llegedly similar procedural errors do not convert independent prison disciplinary hearings into same series of transactions or occurrences when hearings involved different incidents of purported misconduct raising different issues of law. . . . [A] plaintiff cannot bring all claims, regardless of

10

type, against all defendants who are spread out at various institutions."); *Percival v. Prison Health Servs.*, No. 16-97, 2016 U.S. Dist. LEXIS 97879, at *9 (W.D. Mich. July 27, 2016) ("[M]ultiple plaintiffs cannot pass the two-part test of Rule 20(a)(1) where each plaintiff provides a different factual background giving rise to their 'mutual' cause of action.").

In short, it is improper to join Breedlove and Porter in this action. *See Proctor*, 661 F. Supp. 2d at 756 ("This Court . . . agrees with the Magistrate Judge that Plaintiffs' claims against the numerous defendants, which involve several defendants and multiple prison facilities, necessarily require resolution of factual claims (including numerous individual exhaustion issues) that are not appropriately joined."); *Webster v. Edmunds*, No. 23-10704, 2023 U.S. Dist. LEXIS 62425, *5 (E.D. Mich. Apr. 10, 2023) (screening complaint under § 1915(e) and dismissing "ARF defendants" based upon misjoinder where "the bulk of Plaintiff's complaint involves claims concerning his conditions of confinement at MRF and defendants employed at MRF"); *see also Gittens v. Pepper*, No. 21-17348, 2023 U.S. Dist. LEXIS 157198, at *8 (D.N.J. Sept. 5, 2023) ("As courts have noted, prisoners' attempts to lump numerous grievances about life in a single prison, let alon[e] multiple prisons[,] are disfavored."). Because Brown does not otherwise state a claim for relief against Breedlove and Porter, the Court concludes it is proper to dismiss rather than sever these defendants. *See* Fed. R. Civ. P. 21 (explaining that a federal district court may *sua sponte* dismiss or sever parties or claims based on misjoinder).

## II.

For the reasons above, the Court DISMISSES all claims against Defendants Martino, Hadden, Buchin, Chevette, Arrendondo, Breedlove, and Porter. Against the remaining 16 defendants, the Court DISMISSES Brown's official-capacity claims for damages. Only Brown's individual-capacity claims against these defendants may proceed.

SO ORDERED.

Dated: May 12, 2025

                    s/Laurie J. Michelson
                    LAURIE J. MICHELSON
                    UNITED STATES DISTRICT JUDGE